# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **FIRST MERIT BANK, N.A.,** | ) | **CASE NO.  5:12CV2744** |
| **SUCCESSOR IN INTEREST BY** | ) | |
| **MERGER TO CITIZENS BANK,** | ) | |
| **SUCCESSOR IN INTEREST BY** | ) | |
| **MERGER TO REPUBLIC BANK,** | ) | |
| **F/K/A REPUBLIC SAVINGS BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID D. DOWD, JR.** |
| | ) | |
| **v.** | ) | **Magistrate Judge George J. Limbert** |
| | ) | |
| **MILES & MILES GROUP, INC., et al.,** | ) | **INTERIM REPORT AND** |
| | ) | **RECOMMENDATION OF** |
| **Defendants** | ) | **MAGISTRATE JUDGE** |

This matter is before the undersigned upon the combined motion for default judgment against Defendants, Miles & Miles Group, Inc., Barberton Tire & Auto Service, Inc., and Jack R. Baun and Carol S. Baun, or, in the alternative, for summary judgment against the Bauns, and for summary judgment against Defendant, Stark County Treasurer filed on behalf of Plaintiff, First Merit Bank, N.A. ("First Merit Bank")[1] on June 18 ,2013. ECF Dkt. #46.  No response briefs were filed.  For the following reasons, the undersigned recommends that default judgment be entered against Defendants, Miles & Miles Group, Inc., Barberton Tire & Auto Service, Inc., and Jack R. Baun and Carol S. Baun, an Order of foreclosure be entered on the property located at 600 W. Tuscarawas Avenue, Barberton, Ohio 44203, which bears permanent parcel number 01-03512 ("Property"), and

---

[1]On July 3, 2013, Plaintiff, First Merit Bank was substituted in place of the original plaintiff in this action, Citizens Bank.

reasonable attorneys' fees be awarded in favor of Plaintiff and against Defendants, Miles & Miles Group, Inc. and Barberton Tire & Auto Service, Inc.

I.      **STATEMENT OF FACTS**

      A.      The Loan Documents

On January 6, 2006, Defendant, Miles & Miles Group, Inc. ("Borrower")[2] and Defendant, Barberton Tire & Auto Service, Inc. ("Co-Borrower") (collectively "Borrowers") entered into a Commercial Loan Agreement, wherein Plaintiff agreed to lend Borrowers the sum of $450,000.00, pursuant to the terms and conditions set forth in the commercial loan agreement.  ECF Dkt. #1-2. On January 6, 2006, Plaintiff and Borrowers entered into a Loan Agreement, wherein Borrowers agreed to abide by the loan requirements of the U.S. Small Business Administration ("SBA") as set forth in the SBA Authorization and the loan agreement. ECF Dkt. #1-3.  On January 6, 2006, Borrowers executed and delivered to Plaintiff a Note in the principal amount of $450,000.00.  ECF Dkt. #1-4.

To secure payment of the amounts due under the Note executed pursuant to the loan agreements, Borrowers executed a certain Open-End Mortgage on January 6, 2006 in the original amount of $450,000.00, which was recorded in the Summit County Fiscal Office on January 6, 2006 as Document No. 55277061 ("Mortgage").  ECF Dkt. #1-5.  The Mortgage created a first mortgage lien and security interest in Borrowers' right, title and interest in the Property.  Plaintiff asserts that the Mortgage is a good, valid and subsisting first mortgage lien on the Property, although Plaintiff

---

[2]Defendants, James V. Miles and Karen Miles executed an Unconditional Guarantee in favor of Plaintiff on January 6, 2006.  ECF Dkt. #1-10.  Plaintiff voluntarily dismissed the Mileses without prejudice pursuant to Civil Rule 41(a)(1)(A)(i) on May 20, 2013.  ECF Dkt. #42.

conceded that the mortgage lien is subject to any lien of the Summit County Fiscal Officer for taxes and assessments.

To further secure payment of the amounts due under the Note, on January 6, 2006, Borrowers executed a Commercial Security Agreement covering all then owned or thereafter acquired real and personal property of Borrowers identified therein.  ECF Dkt. #1-6. To further secure the amounts due under the Note, on January 6, 2006, Borrowers executed an Assignment of Rents as Security encumbering the Property, which was recorded in the Summit County Fiscal Office on January 6, 2006 as Document No. 55277062.  ECF Dkt. #1-7.  To further secure the amounts due under the Note, on January 6, 2006, Borrowers executed an Assignment of Lease as Security encumbering the Property. ECF Dkt. #1-8.  As further security for the amounts due under the Note, a UCC Financing Statement covering all of Borrowers' assets identified therein was filed on February 27, 2006 with the Ohio Secretary of State (collectively "loan documents").  ECF Dkt. #1-9.

According to the preliminary judicial report, the Bauns recorded a future advance mortgage on the Property in the amount of $100,000.00 on January 6, 2006, however the future advanced mortgage was recorded after the mortgage and assignment of rents by Plaintiff's predecessor-in-interest, Republic Bank. ECF Dkt. #1-11.

B.    The Default

According to the affidavit of Diane Swiney, Vice President of predecessor-in-interest and original plaintiff, Citizens Bank, Plaintiff is the owner and holder of the Note, and the Mortgage and is entitled to enforce same. ECF Dkt. #46-2, ¶15. Borrowers have failed to pay in accordance with the terms of the Note and is therefore in default under the applicable Loan Documents. *Id.* at ¶16. By reason of the default in the terms of the Note and the Mortgage securing same, Plaintiff has

3

declared the indebtedness evidenced thereby to be immediately due and owing. *Id.*  Borrowers have failed to make any payments or otherwise satisfy its indebtedness to Plaintiff since the default under the Note and Mortgage occurred, and therefore, remains in default under the applicable loan documents.  *Id.* at ¶18. The terms and conditions of the Mortgage have been broken, the Mortgage has become absolute, and Plaintiff is entitled to have the Mortgage foreclosed.  *Id.* at ¶19.

## II.   DEFAULT JUDGMENT

### A.   Default Judgment Standard

When a party against whom judgment for affirmative relief is sough has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  After the Clerk's Entry of Default under Civil Rule 55(a) of the Federal Rules of Civil Procedure, the Plaintiff is entitled to default judgment in its favor under Rule 55(b)(1), which provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due –  must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). The Clerk's duties thereunder are mandatory, requiring default judgment after the entry of default when the amount claimed by Plaintiff is for a sum certain.

Alternatively, the Court may grant default judgment under Civil Rule 55(b)(2).  Civil Rule 55(b)(2) reads, in its entirety:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may

4

conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

> B.       Procedural History and Entry of Default by Clerk

Plaintiff filed this foreclosure action on November 2, 2012. Defendant, Summit County Treasurer was served by certified U.S. mail on November 7, 2013, and filed an answer claiming an interest in the Property on November 14, 2013.  ECF Dkt. #9.  Plaintiff concedes that such interest shall transfer to the proceeds of the sale of the Property.

Defendants Miles & Miles Group, Inc. and Barberton Tire & Auto Service, Inc. were each served with a Summons and the Complaint on November 6, 2012 by certified U.S. Mail. The Clerk filed a return of service by certified mail executed on Miles & Miles Group, Inc. and Barberton Tire & Auto Service, Inc. on November 7, 2012.  ECF Dkt. ##6, 5, respectively.  Defendants, Jack R. Baun and Carol S. Baun, who were thought to have an interest in the Property, were served with a Summons and the Complaint on December 10, 2012 by certified U.S. Mail. The Clerk filed a return of service by certified mail executed on December 14, 2012.  ECF Dkt. #18.

The docket further reflects that as of May 23, 2013, which is more than six months after Defendants, Miles & Miles Group, Inc. and Barberton Tire & Auto Service, Inc. were served, no answer or responsive pleading has been filed.  The docket further reflects that as of May 23, 2013,

5

which is more than five months after Defendants, Jack Baun or Carol Baun were served, no answer

or responsive pleading has been filed.[3]  Accordingly, on May 23, 2013, the Clerk entered default

against the Default Defendants.  ECF Dkt. #45.

      C.      Default Judgment

      The Swiney affidavit reads, in pertinent part:

> As of September 28, 2012, the amount due and owing on the Note and Guarantee is $385, 869.41, which consists of the principal balance of $380, 592.08, accrued and unpaid, interest in the amount of $2,519.09, and late charges in the amount of $2,673.24, plus interest on the principal balance of $380,592.08 at the rate as set forth in the Note from and after September 28, 2012, plus costs, reasonable attorneys' fees, and such other sums advanced by Plaintiff pursuant to the Loan Documents for the protection of the Premises.

ECF Dkt. #46-2 at ¶17.

      Because default has been entered against Defendants, Miles & Miles Group, Inc., Barberton

Tire & Auto Service, Inc., Jack R. Baun and Carole S. Baun, and Plaintiff's claims are for a sum

certain, the undersigned recommends that the Court enter default judgment against Defendants,

Miles & Miles Group, Inc. and Barberton Tire & Auto Service, Inc., in the amount stated in the

Swiney affidavit, and against Jack R. Baun and Carole S. Baun, on the sole issue of the priority of

the Mortgage over the Bauns' future advanced mortgage on the Property.

## III.    SUMMARY JUDGMENT

      A.     Summary Judgment Standard

---

[3]Although the Bauns sent a letter to Plaintiff regarding this action, which was captioned "Answer," a copy of which is noted as being copied to "U.S. District Court, Northern District of Ohio," among others, no answer appears on the docket. See ECF Dkt. #46-3.  The letter indicates that the Bauns loaned money to the Mileses and seeks reconsideration of the foreclosure action.  However, the letter does not state any relevant defenses nor does it assert that the Bauns hold a security interest superior to the mortgage held by Plaintiff.  In fact, the preliminary judicial report states that the Bauns recorded a future advance mortgage on January 6, 2006, however it was recorded after the Mortgage and Assignment of Rents by Plaintiff's predecessor-in-interest, Republic Bank. ECF Dkt. #1-11.

Summary judgment should be granted "where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Johnson v. Karnes*, 398 F.3d 868, 870-873 (6th Cir. 2005).  The Court must decide, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).

A party seeking summary judgment bears the initial burden and must inform the court of the basis for its motion.  *Celotex*, 477 U.S. at 323.  Further, the moving party must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" which demonstrate the absence of a genuine issue of material fact.  *Id.*  The moving party must make a showing that no reasonable jury could find other than for the moving party.  *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party satisfies its burden, the nonmoving party must demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993), see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy St. Corp.*, 822 F.2d at 1435, see *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 288-290 (1968).

B.    Summit County Treasurer

As stated previously, Plaintiff concedes that the proceeds of the sale of the Property are subject to a lien held by the Summit County Treasurer.  Accordingly, the undersigned recommends that the Court enter summary judgment against the Summit County Treasurer, finding that the proceeds of the sale are subject to the Summit County Treasurer's lien.

**IV.    Decree of Foreclosure**

As a result of the defaults by Borrowers under the terms of the applicable loan documents, Plaintiff is entitled to an order of foreclosure of the Mortgage as a matter of law.  It is well established under Ohio law that once a default in payment has been established under the terms of a promissory note, and the note has been accelerated, then the mortgagee is entitled to judgment. See, e.g., *Bradfield v. Hale*, 67 Ohio St. 316 (1902); *McClelland v. Bishop*, 42 Ohio St. 113 (1884); *Union Central Life Ins. Co. v. Curtis*, 35 Ohio St. 357 (1880).

Based on the evidence presented herein, and the judicial report filed in this action, Plaintiff has the first and best lien on the Property, subject only to the lien of the Summit County Treasurer for taxes and assessments. Any claimed interest of the Bauns is, therefore, junior in priority to Plaintiff's claims and liens. Plaintiff is the owner and holder of the Mortgage and is entitled to enforcement of the Mortgage.  Swiney Aff. at ¶ 15. Plaintiff has established that Borrowers are in default under the loan documents, and that Plaintiff has accelerated the amount due under the Note and Judgment. *Id.* Based on Borrower's defaults, the undersigned recommends that the Court grant Plaintiff's motion for an Order of foreclosure of the Mortgage.

8

**V.      Attorneys' Fees**

Ohio Revised Code § 1319.02 permits the recovery of reasonable attorneys' fees in the event a "[c]ontract of indebtedness" contains a "[c]ommitment to pay attorneys' fees," provided the "total amount owed on the contract of indebtedness at the time the contract was entered into exceeds one hundred thousand dollars."

Plaintiff seeks judgment against Borrower in the amount of any and all reasonable attorneys' fees incurred by Plaintiff in the enforcement of the loan documents. The loan documents specify that the underlying loan was for commercial purposes, that the indebtedness evidenced thereby is not a "consumer loan" or a "consumer transaction" as defined in Ohio Revised Code § 2323.13(E)(1), and that Borrowers made a commitment to pay Plaintiff's reasonable attorneys' fees incurred in enforcing the loan documents, which amounts are secured by the Mortgage.

The Note, secured by the Mortgage, exceeded $100,000.00 at the time it was entered into and, as a result, the undersigned recommends that the Court award reasonable attorneys' fees to Plaintiff from Borrower under R.C. § 1319.02, in an amount to be determined by a further Order.

**VI.      CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court sign the proposed Order submitted by Plaintiff.  See ECF Dkt. #46-6.

**IT IS SO ORDERED.**

Dated: July 23, 2013                    */s/ George J. Limbert*_____
                                                **GEORGE J. LIMBERT**
                                                **UNITED STATES MAGISTRATE JUDGE**

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.  L.R. 72.3(b).