UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST MERIT BANK, N.A., | ) | CASE NO. 5:12CV2744 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| MILES & MILES GROUP, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The real property that is the subject of this foreclosure action is located at 600 W. Tuscarawas Avenue, Barberton, Ohio 44203, and bears the permanent parcel number 01-03512, being more particularly described in the Mortgage (the "Property"). (*See* Doc. No. 1-5, Mortgage.) Before the Court is the interim report and recommendation of the Magistrate Judge (Doc. No. 54). Under the relevant statute

> [. . .] Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C). In this case, the fourteen-day period has elapsed and no objections have been filed. The failure to file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's report and recommendation and adopts the same. However, the Court finds it necessary to draw out one aspect of the report. In

addition to recommending the entry of a default judgment against Miles & Miles Group, Inc. (the "borrower"), Barberton Tire & Auto Service, Inc. (the "co-borrower"), and Jack Baun and Carol Baun (the "Bauns"), the report recommends that the Court grant summary judgment against defendant Summit County Fiscal Officer (the "fiscal officer").[1] The fiscal officer did not file a response or otherwise oppose summary judgment, nor did she file objections to the Magistrate Judge's report. Further, while plaintiff seeks summary judgment against the fiscal officer, it acknowledges that the proceeds of any sale of the Property would be subject to the fiscal officer's lien.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the borrower, the co-borrower, and the Bauns are in default in these proceedings and that judgment is entered in favor of plaintiff and against the borrower, the co-borrower, and the Bauns.

It is further ORDERED, ADJUDGED AND DECREED that judgment be, and it hereby is, entered in favor of plaintiff and against the borrower on the Note in the amount of $385,869.41, which sum consist of the principal balance of $380,592.08, accrued and unpaid interest in the amount of $2,519.09, and late charges in the amount of $2,673.24, plus interest on the principal balance of $380,592.08 at the rate as set forth in the Note from and after September 28, 2012, plus costs, late charges, expenses, and reasonable attorneys' fees in an amount to be determined by further order. (*See* Doc. No. 1-4, U.S. Small Business Administrative Note.)

---

[1] Both plaintiff's motion and the Magistrate Judge's report make reference to the Stark County Treasurer. The Court believes that this was a clerical error. It is clear from both filings that summary judgment is sought against the Summit County Fiscal Officer. Additionally, the Court notes that the report indicates that the Summit County Fiscal Officer was served on November 7, 2013 and filed an answer on November 14, 2013. This, too, is a mere clerical error as those dates have not yet taken place, and the record reflects that service and the filing of the answer occurred in 2012.

It is further ORDERED, ADJUDGED AND DECREED that unless the sums found to be due to plaintiff, together with the costs of this action, including the cost of the Preliminary Judicial Report filed herein for which plaintiff is entitled to reimbursement, be fully paid within ten (10) days from the date of the entry of this Order, the equity of redemption and the dower of all defendants in the property described above will be foreclosed and the Property shall be sold free of the interest of all parties to this action subject to redemption by the borrower pursuant to Ohio Revised Code § 2329.33. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court. Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Ohio Revised Code § 2329.26.

It is further ORDERED, ADJUDGED AND DECREED that summary judgment be entered against the fiscal officer. Nevertheless, the Court finds that there is due to Summit County taxes, accrued taxes, assessments, and penalties on the property described in the Complaint, as the fiscal officer's tax duplicate will show, the exact amount being unascertainable at this time, but which amount will be ascertainable at the time of the sale of said Property, which are a valid and subsisting first lien on the Property.

Subject to further order of this Court in the Order of Confirmation of Sale and Distribution, the proceeds of the sale of the Property shall be paid as follows:

1. To the Clerk of Courts the costs herein, including the sum of $500.00, payable to plaintiff's attorneys, Meyers, Roman, Friedberg & Lewis IOLTA, for the judicial reports filed herein, which is hereby taxed as costs;

3

2.  To the Summit County Fiscal Officer, taxes, accrued taxes, assessments, and penalties on the Property payable under Ohio Revised Code § 323.47 as set forth herein;

3.  To plaintiff, the sum in the amount of $385,869.41, which sum consists of the principal balance of $380,592.08, accrued and unpaid interest in the amount of $2,519.09, and late charges in the amount of $2,673.24, plus interest on the principal balance of $380,592.08 at the rate set forth in the note from and after September 28, 2012, plus costs and attorneys' fees, the exact amount of which is yet to be determined;

4.  To plaintiff, sums advanced for real estate taxes, hazard insurance and property protection, and plaintiff's attorneys' fees in an amount yet to be determined; and

5.  The balance, if any, to be held by the Court pending further order of the Court.

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Summit County Recorder's Office and the Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicating herein from the Property.

**IT IS SO ORDERED**.

Dated: October 2, 2013

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**