# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FIRST MERIT BANK, | ) | CASE NO.  5:12CV2744 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| MILES & MILES GROUP, INC., et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On October 17, 2013, Brad Goldberg (the "Receiver") submitted—in connection with his duties as the receiver over the property of defendants Miles & Miles Group, Inc. and Barberton Tire and Auto Services, Inc.—a final application for the payment of fees and expenses incurred for the period of July 1, 2013 through October 15, 2013. (Doc. No. 63.) Magistrate Judge George J. Limbert entered a Report and Recommendation, in which he recommended that the application be approved. (Doc. No. 65.) On November 18, 2013, the Court directed the Receiver to file an affidavit addressing the lodestar factors for determining the reasonableness of attorney's fees requests. The Receiver has now filed an affidavit in support of his application (Doc. No. 66), and the Court is prepared to rule.

The Receiver moves for compensation for his services in the amount of $750.00, and reimbursement of expenses incurred in the amount of $10.81, for a total of $760.81. The Receiver also seeks compensation for the attorney's fees incurred for legal

services provided to the Receiver by the law firm of Taft Stettinius & Hollister LLP ("Taft") in the amount of $13,290.00, plus expenses incurred by Taft of $190.75, for a total amount of $13,480.75. Appended to his application are the Receiver's invoices for his services (Doc. No. 63-1), and the billing statements from Taft. (Doc. No. 63-2.) The application is unopposed.

I.      DISCUSSION

A.      Receiver's Services and Expenses

The Receiver's request for fees and costs is supported by the invoices attached to his application, in which the services provided, the fees charged, and the time spent on each activity is set forth in specific detail. The Court finds that the hours expended and rates charged are reasonable. Additionally, the Court finds that the expenses are properly documented and reasonably incurred.

Based on the foregoing, the Court shall award the Receiver $760.81, representing $750.00 for the Receiver's services, and $10.81 for expenses.

B.      Receiver's Attorney's Fees and Related Expenses

To determine the appropriate award of attorney's fees, the Court must begin with the lodestar amount: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). A court must afford a "strong presumption" that the lodestar "represents a 'reasonable' fee[.]" *Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). After a court has determined the lodestar amount, it may make adjustments based on twelve

factors:

> the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of other employment by the attorney due to the acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Paschal v. Flagstar Bank, FSB*, 297 F.3d 431, 435 (6th Cir. 2002) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) (numerals omitted).

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994), *cert. denied*, 514 U.S. 1127, 115 S. Ct. 2000, 131 L. Ed. 2d 1001 (1995). Typically, a court should look to the "prevailing market rates in the relevant community[.]" *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The "prevailing market rate" is defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command[.]" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

The party seeking a fee award bears the burden of proving the reasonableness of the hours and the rates claimed. *Hensley*, 461 U.S. at 437. "The key requirement for an award of attorneys fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prod. Inc.*, 515

3

F.3d 531, 553 (6th Cir. 2008) (internal quotation omitted).

While the billing statements prepared by Taft were detailed in the description of the services provided, the statements only included the initials of the attorneys and other staff that performed the various services. Following the Court's direction to provide further documentation, the Receiver submitted his own affidavit, and appended thereto was a list of the attorneys and paralegal that worked on the case and their hourly rates. Specifically, the affidavit provides that attorney William Stavole is seeking compensation of $485.00 per hour, attorney H. William Beseth III seeks $240.00 per hour for his services, and attorney Jessica Ackermann is seeking an hourly rate of $205.00 per hour. Merry Pieper, a paralegal, was purportedly billed out at a rate of $240.00.[1] (Doc. No. 66-1, Affidavit, Ex. A.) Additionally, the Receiver's affidavit includes his own belief that the rates charged by these professionals were reasonable.[2] (Doc. No. 66-1 at ¶ 7.)

However, beyond this bald (and conclusory) representation, there is no evidence that these rates represent the prevailing market rate in the relevant community. Notably, none of the attorneys offered affidavits demonstrating that their proposed rates are in line with rates charged by attorneys working in the relevant legal community, or even that they, themselves, have charged such rates in the past.

While the Court acknowledges that the magistrate judge approved fees at

---

[1] The Court assumes that the entry of the paralegal's rate represents a typographical error, inasmuch as such a rate would be equivalent to or more than that charged by two of the three attorneys assigned to this case.

[2] The Receiver's affidavit provides that, "Taft's hourly rates for their attorneys and paralegals are well within the fair and reasonable market value for their services in this community." (Doc. No. 66-1 at ¶ 7.) There is no evidence that the Receiver is an attorney, and there is no indication that he has any personal knowledge as to the prevailing market rate for such services in this, or any, community.

4

these higher rates, the Court's independent research and analysis leads it to conclude  that the rates claimed by Taft exceed those typically charged within the relevant market, and that an hourly rate of $200.00 for attorney services is more appropriate.[3] This same research reflects that an hourly rate of $90.00 is appropriate for the services performed by the paralegal.

Next, the Court turns to the applicability of the twelve factors that the Sixth Circuit has identified that can warrant an adjustment to the lodestar rate. Notwithstanding the fact that the Receiver was given an opportunity to supplement his application, the Receiver has failed to provide information regarding the experience and reputation of the attorneys involved,[4] the nature of the fee arrangement with Taft, or the length of the professional relationship. Moreover, the Court notes that this uncontested foreclosure action did not present any novel issues of law, or require any unique or specialized skills. However, the Receiver did provide evidence that counsel was presented with certain time constraints, and was able to successfully "execute a plan to sell the receivership property as quickly as possible within the boundaries of applicable law." (Doc. No. 66 at ¶ 10.) Therefore, to reflect this favorable result, the Court will award attorney's fees at an hourly rate of $240.00.

The Court must next determine the reasonableness of the number of hours

---

[3] *See* www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconOfLawPracticeOhio.pdf.
[4] With respect to the attorneys, the Receiver's affidavit provides that he "find[s] their experience, reputation, and ability to handle such matters to be exceptional." (Doc. No. 66-1 at ¶ 12.) Again, beyond this conclusory statement, the Receiver fails to offer any relevant factual information regarding the experience of any of these attorneys.

expended by Taft on behalf of the Receiver. While determining the reasonable number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). There is nothing magical about a particular number of hours. Rather, the Court must examine the hours claimed and determine whether any are excessive, redundant or unnecessary. *See Hensley*, 461 U.S. at 434. The Court has carefully reviewing the billing statements and finds them supported by a reasonable itemization that reflects no excessive, redundant, or unnecessary services. Additionally, the Court finds that the billing statements adequately demonstrate an entitlement to $190.75 for expenses incurred in connection with rendering legal services in this matter.

## II.     CONCLUSION

For all of the foregoing reasons, the Receiver's final application for fees and expenses is approved, in part. The Court shall award the aggregate amount of $12,479.06, comprised of the following: (1) $750.00 as compensation for the Receiver's services; (2) $10.81 for expenses incurred by the Receiver; (3) $11,527.50 for attorney's fees, representing 46.25 attorney hours at $240.00 per hour ($11,100.00) and 4.75 paralegal hours at $90.00 per hour ($427.50); and (4) $190.75 for expenses incurred by the Taft law firm. All funds are to be paid pursuant to the terms of the Court's Order Appointing Receiver.

The Court having entered final judgment in favor of plaintiff and ordered the disbursement of proceeds from the property to plaintiff, and now having ruled on the

Receiver's final application for fees and expenses, this case is closed.

**IT IS SO ORDERED**.

Dated: January 7, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**